# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KATHY JEAN ASHLEY § | |
| § | Civil Action No. 4:19-CV-422 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| COMMISSIONER, SSA § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 30, 2020, the report of the Magistrate Judge (Dkt. #18) was entered containing proposed findings of fact and recommendations that the final decision of the Commissioner of Social Security Administration be affirmed. Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #19), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

Plaintiff reiterates in her objections her arguments asserted before the Magistrate Judge, that the ALJ's RFC determination and hypothetical question to the VE do not include all of the mental limitations the ALJ found to be supported by the record (Dkt. #19 at p. 1). More specifically, Plaintiff continues to advance that the ALJ found Plaintiff's mental impairments caused moderate limitations at step three, and that no concession or recognition of these limitations appears in the RFC.

*Incorporation of Paragraph B Criteria Into the RFC*

Plaintiff asserts that the Magistrate Judge erred in finding that the ALJ's RFC assessment was consistent with Plaintiff's moderate limitations, arguing that, at a minimum, "the ALJ's decision lacks the logical bridge" between the mental limitations regarding production, pace and stressors and the RFC assessment (Dkt. #19 at p. 2). Plaintiff herself concedes that the "special technique" is not an RFC assessment and that no requirement exists for the ALJ to incorporate the limitations found in evaluating Plaintiff's mental impairment word-for-word into the RFC (Dkt. #19 at p. 2). Nonetheless, Plaintiff contends that the limitations must "find expression in the RFC" (Dkt. #19 at p. 2). The Magistrate Judge cited numerous cases supporting the conclusion that Plaintiff's moderate limitations are "expressed" in the RFC (Dkt. #18 at pp. 19–20). Each of the jobs identified by the VE require a reasoning level of 2, which corresponds with the regulatory recognition of unskilled work. *See Andre C. v. Comm'r*, No. 3:19-CV-155-S-BK, 2020 WL 1220446, at *4 (N.D. Tex. Feb. 20, 2020). "[I]t is well-settled that a limitation to unskilled work, such as the hospital cleaner[] position[] identified by the VE as suitable for someone with plaintiff's RFC, sufficiently accounts for limitations relating to stress and production pace." *Tatelman v. Colvin*, 296 F. Supp. 3d 608, 613 (W.D. N.Y. Oct. 27, 2017).

*Hypothetical to the VE*

As it relates to the hypothetical presented to the VE, Plaintiff again objects that none, or at least not all, of Plaintiff's "moderate" mental limitations were incorporated into the ALJ's hypothetical (Dkt. #19 at pp. 3–4). The ALJ's hypothetical to the VE requested that the VE consider an individual:

> limited to understanding, remembering, and carrying out simple, routine and repetitive tasks and instructions, making simple work decisions, is able to attend and concentrate on simple tasks for extended periods with normal breaks and can adapt to occasional changes in a routine work setting.

(TR 49–50). Plaintiff suggests that this hypothetical did not include Plaintiff's limitations in pace, production, or associated work stressors (Dkt. #19 at p. 3). However, Plaintiff's premise is flawed. The ALJ's hypothetical need only include the functional limitations the ALJ recognizes. Here the ALJ recognized, the following non-exertional limitations:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) except with the following non-exertional limitations:
> • The claimant is able to understand, remember, and carry out simple, routine, and repetitive tasks and instructions.
> • The claimant is able to make simple work-related decisions.
> • The claimant is able to attend and concentrate on simple tasks for extended periods with normal breaks.
> • The claimant is able to adapt to changes in a routine work setting.

(TR 21). Each of the non-exertional limitations recognized by the ALJ was included in the ALJ's hypothetical. In fact, the ALJ's hypothetical directly tracked the RFC assessment language.

Furthermore, the VE testified Plaintiff could perform the jobs of hospital cleaner (DOT Code 326.687-010) (1991 WL 672782); line packer/bagger (DOT Code 920.687-014) (1991 WL 687964); and sweeper-cleaner (DOT Code 389.683-010) (1991 WL 673279). While Plaintiff argues that she could not perform these jobs due to the high production and pace requirements naturally present, Plaintiff cites no authority to support this position; and, contrary authority exists that these jobs do not involve high production pace demands. *See Roberts v. Astrue*, No. 12-CV-0827-WJM, 2013 WL 1729361, at *3 (D. Colo. Apr. 19, 2013) ("the jobs cited by the ALJ in support of her step five analysis—i.e., sweeper/cleaner, cleaner/housekeeper, and hospital cleaner—are all jobs that do not involve high production demands or engagement with co-workers or the public"). The ALJ's hypothetical is not contradictory or inconsistent with the ALJ's finding in either the "special technique" or the RFC. The Court overrules Plaintiff's Objections.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #19), all other relevant filings, and having conducted a de novo review, the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #18) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

**SIGNED this 21st day of September, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE